## Henry Lindeman v. John Wagner et al.

1. BUILDING CONTRACTS—*Architect's Certificate—When Final.*— When the parties to a building contract stipulate that the decision of the architect shall be final and binding upon all parties, such decision will be final and binding upon the parties unless it is shown that the architect acted fraudulently, and the burden of showing such fraud is upon the party complaining.

2.  Contracts—*Signed by Unauthorized Parties—Ratification.*—
When a party to a contract not signed by him acts under it with full
knowledge of the manner in which it was made, he will be bound by it.

Assumpsit, for work, labor and services. Appeal from the Superior
Court of Cook County; the Hon. Nathaniel C. Sears, Judge, presiding.
Heard in this court at the October term, 1896. Affirmed. Opinion filed
December 14, 1896.

## Statement of the Case.

This is an appeal from a judgment rendered in the
Superior Court of Cook County, against the appellant in
favor of appellees on May 16, 1896, for the sum of $474.60.

On the 10th day of July, 1893, a contract was made, and
its terms reduced to writing, and signed by the parties
thereto, whereby appellees agreed to do certain mason
work, and appellant promised as follows:

"Party of the second part, in consideration of parties
of the first part strictly performing covenants and agree-
ments above specified, by or at the times mentioned, and to
the entire satisfaction of Frank L. Fry, superintendent,
does agree to pay to parties of first part $11,500 on certifi-
cates of superintendent as work progresses."

The contract also contains the following:

"It is further agreed that in case any difference of opin-
ion shall arise between said parties in relation to the con-
tract, the work to be performed under it, or in relation to
the plans, drawings and specifications hereunto attached,
the decision of Frank L. Fry, the architect, shall be final
and binding on all parties hereunder, or, if preferred, the
decision of an umpire selected by two men, one of whom
is appointed by the owner and the other one by the con-
tractor, shall be final and binding on all parties hereunder.
The owner has engaged Frank L. Fry as superintendent
of the erection and completion of said building, his duties
being faithfully to enforce all the conditions of the con-
tract, and to furnish all necessary drawings, etc.   *   *   *
Also to make estimates for the contracts of the amounts due
them on the contract, in no case estimating any materials

or work which are objectionable or have become permanent parts of the work, and when the building is completed to issue a certificate to the contractor, which certificate, if unconditional, shall be an acceptance of the contract, and shall release him from all further responsibility on account of the work, the owner being bound in all cases to recognize the acts of his superintendent."

Appellees offered in evidence in support of their claim the contract above mentioned, and also the architect's certificate, dated December 16, 1893, certifying that $474 is due John Wagner & Son, by the terms of contract.

Henry Lindeman, appellant, on the witness stand denied giving any authority to Charles S. Fry to sign any contracts for him, and that said Charles S. Fry had informed him that said mason work would not cost over $9,000. The testimony shows that the buildings were not completed until some weeks after the time specified in the contract.

It was claimed by appellant that the work was not done in a good and workmanlike manner, in accordance with the contract, and the claim was supported by the testimony of two architects.

Appellant, in a plea of set-off, set up a counter-claim of $3,300 for delay, and damage in not completing the building in a workmanlike manner.

F. J. TOURTELLOTTE, attorney for appellant; W. P. BLACK of counsel.

SMITH, SHEDD, UNDERWOOD & HALL, attorneys for appellees.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

It is true, as contended by appellant, that the architect had no power to change the contract, or to do more than was intrusted to him by the agreement, and that if he acted fraudulently, the parties are not bound by such action. It does not appear that the architect acted fraudulently; he may

have erred in thinking that the work was well done—the testimony given on behalf of appellant tends to show that he did—but there is no evidence to the effect that the architect was actuated by any improper motive. The burden of showing that the architect fraudulently gave the certificate in question, was upon appellant; this he did not show. The mere fact that the building was not completed at the agreed time, and that the architect allowed appellees the full contract price, did not establish that the certificate was fraudulently issued.

It is too late for appellant to contend that he did not authorize Fry, the architect, to sign the agreement.

Appellant accepted such signing, acted under the contract with full knowledge of how it was made, and is bound thereby.

The judgment of the Superior Court is affirmed.